UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BARRIOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HARRINGTON HOISTS, INC. et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 3:14-cv-00563-RCJ-VPC <br><br> **ORDER** |

This case arises out of an injury Plaintiff sustained while operating a crane manufactured and sold by Defendants. Pending before the Court is a Motion to Dismiss or for a More Definite Statement (ECF No. 6). For the reasons given herein, the Court grants the motion to dismiss, with leave to amend.

## I.   FACTS AND PROCEDURAL HISTORY

Defendant Harrington Hoists, Inc. ("Harrington") is a Pennsylvania corporation that manufactured the one-ton, size D, duty class H4 hoist/crane (the "Crane") at issue in this action. (Compl. ¶¶ 2, 6, ECF No. 1). Defendant American Equipment, Inc. ("American") is a Utah corporation that sold the Crane to non-party Viking Metallurgical Corp. ("Viking"). (*Id.* ¶¶ 3, 7). While operating the crane as an employee of Viking on October 1, 2012 in Verdi, Nevada, Plaintiff Robert Barrios was injured when the crane malfunctioned and caught his arm, causing

injuries. (*Id.* ¶¶ 8–9). Plaintiff sued Harrington and Viking in state court for negligence and strict products liability. American removed. Harrington has now moved to dismiss for failure to state a claim, or for a more definite statement.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

The allegations in the Complaint are consistent with a defect but do not make one plausible. That is, an injury caused by a defect in the Crane is not precluded by the allegations, but there are no non-conclusory allegations indicating that the injury was caused by a defect. Plaintiff alleges that "a malfunction occurred within the hoist/crane which caused the hoist/crane

to catch on Plaintiff's arm, severely pulling on and wrenching it." (Compl. ¶ 8).  That is consistent with various kinds of malfunction, such as the movement of a part without an operator command, the failure of a safety feature designed to prevent a part from striking the operator, etc.  But it is also consistent with operator error or misuse of the machine.  The bare fact that a part of the Crane caught Plaintiff's arm is not enough to allege liability without more.

Upon amendment, Plaintiff must allege the nature of the malfunction.  The allegations as they stand are merely consistent with liability, and Plaintiff's allegation that "a malfunction occurred" is conclusory. *Compare Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1147 (N.D. Cal. 2010) (allegations of product defect conclusory), *with In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1163–64 (C.D. Cal. 2011) (allegations of product defect not conclusory).  Plaintiff needn't specifically disclaim operator error or misuse, nor need he attempt to describe the alleged malfunction in technical detail, but he must allege the basic nature of the malfunction, e.g., movement of a part without an operator command, structural failure of a part, failure of a safety feature, etc.  The allegations concerning the manufacture and sale of the Crane by Harrington and American, respectively, are sufficient. (See Compl. ¶¶ 2–3, 6–7).  Plaintiff alleges that Harrington manufactured the Crane.  He need not allege the serial number and need not necessarily provide evidence of it in order to prove by a preponderance of the evidence that Harrington manufactured the Crane.  If it were eventually to become apparent that Plaintiff had no good faith basis for alleging that Harrington manufactured the Crane, Harrington may file a motion under Rule 11.

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 30th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge